IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WILLIAM SPARKS,

    Plaintiff,

    v.

JUDGE JEFFREY HOOPER, et al.,

    Defendants.

Case No. 2:17-cv-0224
Judge James L. Graham
Magistrate Judge Jolson

## REPORT AND RECOMMENDATION AND ORDER

Plaintiff, William Sparks, an Ohio resident who is proceeding without the assistance of counsel, brings this action against Muskingum County Court of Common Pleas Judge Jeffrey Hooper and three unnamed bailiffs presumably from the Muskingum County Court of Common Pleas. This matter is before the undersigned for consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 1) and the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2).

Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C . § 1915(a). Furthermore, having performed an initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims.

**I.    LEGAL STANDARD**

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be

1

granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." In reviewing the Complaint, the Court must construe it in favor of Plaintiff, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). On the other hand, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id*. (quoting *Twombly*, 550 U.S. at 555). Although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## II. BACKGROUND

Plaintiff filed the instant case under 42 U.S.C. § 1983, alleging that Muskingum County Domestic Relations Judge Jeffrey Hooper and three bailiffs deprived him of his due process rights during a domestic relations proceeding. (*See* Doc. 1-2). Plaintiff alleges generally that he never agreed to pay child support but was nevertheless was required to pay it, and he was laughed at and ignored. (*Id*., PAGEID #: 7). With respect to Judge Hooper, Plaintiff alleges that he "refused to comply or show proof of any agreement" to pay child support, forced court dates to proceed despite Plaintiff having no witnesses, and refused to allow Plaintiff to enter evidence and follow the law. (*Id.*). As to the three bailiffs, Plaintiff alleges they "barked" him out of the building, called him names, misled him concerning relevant paperwork, laughed at him, told him

to leave, and refused to allow him to enter items into evidence. (*Id.*). Indeed, Plaintiff goes so far as to allege that one of the bailiffs assaulted him physically in Judge Hooper's courtroom. (*Id.*).

This is not the first time Plaintiff has attempted to file suit against Judge Hooper in this Court. In *Sparks v. Zainesville Police Dept.*, No. 2:11-CV-284, (S.D. Ohio Aug. 23, 2011), Plaintiff filed a suit against Judge Hooper and 17 other defendants relating to a different proceeding, during which he claims he was also laughed at and assaulted. (*See* Doc. 1-1 in *Sparks*, No. 2:11-CV-284). After granting Plaintiff leave to proceed *in forma pauperis*, Magistrate Judge Terence P. Kemp granted him leave to amend his complaint for a failure to meet basic pleading standards. (*See* Doc. 2 in *Sparks*, No. 2:11-CV-284). When Plaintiff failed to amend his complaint within the specified time, Chief Judge Edmund A. Sargus, Jr. dismissed the case for the failure to prosecute. (*See* Doc. 4 in *Sparks*, No. 2:11-CV-284).

### III. DISCUSSION

In this case, Plaintiff's allegations against Judge Hooper for allegedly misapplying the law in Plaintiff's domestic relations proceedings and related allegations are barred by the *Rooker-Feldman* doctrine. The United States District Court does not have jurisdiction to review state court judgments. Only the United States Supreme Court has jurisdiction to review a case litigated and decided in a state court. *See Gottfried v. Medical Planning Servs.*, 142 F.3d 326, 330 (6th Cir. 1998). Under the *Rooker-Feldman* doctrine, a litigant cannot collaterally attack a state court judgment by filing a civil rights complaint. *Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). On this basis, the Court recommends dismissal of the Complaint as it related to Judge Hooper's application of the law.

Further, all but one of Plaintiff's other allegations are barred by absolute judicial immunity. "Judges are immune from liability for damages for acts committed within their judicial discretion." *Pierson v. Ray*, 386 U.S. 547, 87 S. Ct. 1213, 18 L. Ed. 2d 288 (1967). Federal officers likewise have been found to be entitled to quasi-judicial immunity when performing quasi-judicial functions at the discretion of the judge. *Balas v. Leishman-Donaldson*, No. 91-4073, 1192 WL 217735, at *3 (6th Cir. Sept. 9, 1992). Because the actions alleged here relate directly to actions taken by or at the discretion of Judge Hooper, they are barred by absolute judicial immunity.

The sole claim that warrants separate mention is Plaintiff's allegation of assault. As constituted, Plaintiff's claim for assault fails to meet the basic pleading standards set forth in Rule 8 of the Federal Rules of Civil Procedure. Stated simply, Plaintiff cites no facts to support his allegation of assault, which consists of nothing more than an insufficient "label" or "conclusion." *Iqbal*, 556 U.S. at 678. Although this Court has construed Plaintiff's assault claim liberally, it fails to satisfy the requirement for "basic pleading essentials." *Wells*, 891 F.2d at 594. For these reasons, the Court **RECOMMENDS** dismissal.

**IV. CONCLUSION**

Based upon the foregoing, Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. However, having performed an initial screen, for the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint.

**Procedure on Objections to Report and Recommendation**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with

supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date:  April 7, 2017                                             /s/ Kimberly A. Jolson
                                                                 KIMBERLY A. JOLSON
                                                                 UNITED STATES MAGISTRATE JUDGE